## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

07 MAY -3  PM 12: 2 i

| | | |
|---|---|---|
| RAYMOND STOWERS | : | |
| 1071 Cloverly Drive | | |
| Gahanna, Ohio  43230 | : | |
| | | |
| Plaintiff, | : | CASE NO. C 2  07  3 8 9 |
| | | |
| v. | : | JUDGE   JUDGE SARGUS |
| | | |
| AMERICAN SHOWA, INC. | : | MAGISTRATE JUDGE |
| c/o Mercury Agent Company | | |
| 250 West Street, Ste. 700 | : | MAGISTRATE JUDGE ABEL |
| Columbus, Ohio 43215 | | |
| | : | |
| Defendant. | | |

### COMPLAINT
### (with Jury Demand)

NOW COMES Plaintiff Raymond Stowers hereby proffers this Complaint for damages against Defendant American Showa, Inc.

### THE PARTIES

1.    Plaintiff is a natural person residing in Franklin County, Ohio.

2.    Defendant is an Ohio corporation with a facility in Delaware County, Ohio.

### JURISDICTION AND VENUE

3.    Counts I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331.

4.    Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has a facility in Delaware County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

5.      Plaintiff was employed by Defendant at its Sunbury, Ohio facility, from July of 2002, until his discharge on or about August 7, 2006.

6.      From June 12-23, 2006, Plaintiff was called to jury duty in Franklin County Common Pleas Court.

7.      Soon after his return from jury duty, Plaintiff was put on a 30-day Performance Improvement Plan ("PIP"), in large part for the lack of completion, or incorrect completion, of duties that he did not perform because he was on jury duty.

8.      On July 11, 2006, Plaintiff began a Family Medical Leave Act ("FMLA") leave occasioned by stress and anxiety.

9.      Defendant had timely notice of Plaintiff's FMLA leave, in that it was Defendant's Human Resources person who had suggested that Plaintiff pursue the FMLA leave.

10.     Plaintiff returned a Certification of Health Care Provider form to Defendant in a timely fashion to support his FMLA leave request.

11.     During his FMLA leave, Plaintiff received repeated calls for information from Defendant.

12.     On August 7, 2006, immediately upon Plaintiff's return from FMLA leave, he was discharged for not completing the tasks in his PIP.

13.     Defendant employed at least 50 persons at its Sunbury, Ohio facility throughout 2005 and 2006.

14.     Plaintiff had worked at least 1,250 hours in the 12 months preceding July 11, 2006.

## COUNT I
## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT ("FMLA")
## 29 U.S.C. §2601 et seq.

15.     Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-14 above as if fully rewritten here.

16.     Plaintiff's leave of July 11-August 7, 2006 was for a "serious health condition" as that is defined under the FMLA.

17.     Defendant violated the FMLA by using Plaintiff's FMLA-protected leave time as a negative factor leading, at least in part, to Plaintiff being discharged.

18.     Defendant lacked good faith and/or reasonable grounds to believe that it had not violated the FMLA in its discharge of Plaintiff.

19.     Defendant's violations of the FMLA entitle Plaintiff, pursuant to 29 U.S.C. §2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys fees and costs of bringing this litigation, in a amount to be determined at trial, but in any event not less than $200,000.00.

## COUNT II
## WRONGFUL DISCHARGE IN VIOLATION OF OHIO PUBLIC POLICY

20.     Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-19 above as if fully rewritten here.

21.     Ohio has a clear public policy in favor of its citizens serving jury duty when called, and with impunity for that service.

22.     A discharge such as that in this case jeopardizes the clear public policy set forth in ¶21.

23.     The absence created by Plaintiff's jury duty service was a determining factor in Defendant's decision to discharge Plaintiff.

3

24.    Plaintiff's discharge was not essential and/or necessary to the operation of Defendant's business.

25.    Defendant's unlawful discharge was enacted with spite, ill will, and a spirit of revenge.

26.    Defendant's unlawful discharge of Plaintiff entitles Plaintiff to compensatory and punitive damages, as well as attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $250,000.00.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages including back pay and benefits, statutory liquidated damages, and attorneys fees and costs, as well as reinstatement or front pay, whichever is appropriate, in an amount to be determined at trial, but in any event not less than $200,000.00; and,

for Count II, compensatory and punitive damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $250,000.00.

## **JURY DEMAND**

Plaintiff demands that a jury decide all of the above claims.

Respectfully Submitted,

Gary A. Reeve (0064872)
Trial Attorney for Plaintiff
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio  43203
(614) 228-2050

4

Co-Counsel:
Laren E. Knoll (0070594)
Nicholas E. Kennedy (0070310)
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050